IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR397 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| SABINO MENDEZ-ANDRADE, | ) ) ) | |
| Defendant. | ) | |

The Court has received the Modified Presentence Investigation Report ("PSR") and the Defendant's objections and supporting brief (Filing Nos. 18, 19). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

## OBJECTIONS

The Defendant argues that a criminal history point should not be assessed for the offense in ¶ 24 pursuant to U.S.S.G. § 4A1.2(e). The Defendant was sentenced on February 14, 1992, for the prior offense. The Defendant is charged in the instant case with entering and being found in the United States on or about December 5, 2006. The Defendant argues that pursuant to U.S.S.G. § 4A1.1(c) a criminal history point may not be assessed for the prior offense because it occurred more than 10 years of the commencement of the instant offense.

The Defendant also argues that he should not be assessed points under §§ 4A1.1(d) & (e) because he was paroled in 1995 and not arrested for the instant offense until December 5, 2006. The Court notes that the Defendant's parole was discharged in March 26, 1998. (PSR, ¶ 25.)

## DISCUSSION

The Eighth Circuit has held that the offense of illegal reentry into the United States is a continuing offense, beginning with the date a defendant entered the United States and ending on the date the defendant is found in the United States. The latter date is considered the date of the violation of the statute, 8 U.S.C. 1326. *United States - Estrada-Quijas,* 183 F.3d 758, 761 (8th Cir. 1999) (citing *Diaz-Diaz,* 135 F.3d 572 (8th Cir. 1998)).

In this case, the only mention in the PSR that the Defendant admitted to reentering the United States in May of 1996 is in ¶¶ 27 and 28 in the context of his criminal history score, as well as in the Addendum in response to the Defendant's objections. Therefore, essentially the Defendant objects to the assumed fact that he reentered the United States in May of 1996. Therefore, at sentencing the government must present proof by a preponderance of the evidence that the Defendant reentered the United States in May of 1996 or, within the time periods relevant to the Defendant's objections. The Defendant's objections will be addressed following the evidentiary hearing.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. ) will be addressed following the evidentiary hearing, to be held at the sentencing hearing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge